E-FILED
Monday, 09 November, 2026 10:59:33 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **ANTHONY FRAZIER, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3206** |
| | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| **INCORPORATED *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Anthony Frazier, Jr., an inmate at Kewanee Life Skills Re-Entry Center ("Kewanee"). Plaintiff has also filed a Motion for Counsel (Doc. 4).

## I. Complaint

### A. Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that

is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff names Wexford Health Sources, Incorporated ("Wexford") and Centurion Health ("Centurion") as Defendants.

Plaintiff entered Graham Correctional Center ("Graham") in November 2023. During May 2024, Plaintiff experienced severe tooth pain in the front side of his mouth that eventually spread to the back of his mouth. Although Plaintiff sought dental care, he was told Graham did not have an on-site dentist. Plaintiff asserts that he suffered pain until his transfer to Kewanee in July 2025, when he was examined by a dentist and told his tooth had become infected. Plaintiff asserts that during that time he suffered excruciating pain when drinking hot or cold liquids.

**C. Analysis**

Defendants Centurion and Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

Plaintiff does not allege facts that establish or permit the Court to infer an official policy or custom under any of the three conditions mentioned above. Thus, Plaintiff fails to state a *Monell* claim against Criterion or Wexford. More importantly, a *Monell* claim "depend[s] on proof of an underlying constitutional violation." *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) (holding that the plaintiff's municipal liability claim failed as a matter of law because he "failed to present evidence supporting an underlying violation"); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) ("[I]f no constitutional violation occurred in the first place, a *Monell* claim cannot be supported.").

Thus, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended pleading, his amendment shall not exceed ten pages total and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.

2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

## II. Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 3) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically

requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 9, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE